**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

AUSTIN BROWN,                                        CASE NO.: 1:17-cv-305-MW-GRJ

    Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

    Defendants.
_____ /

## AMENDED COMPLAINT

1. Plaintiff, AUSTIN BROWN ("Plaintiff"), was an employee of Defendants, LAWN ENFORCEMENT AGENCY, INC. and MICHAEL TROIANO ("Defendants"), and brings this action for unpaid Federal minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and for violation of the Florida Minimum Wage. Fla. Stat. § 448.110 and Article X, Section 24, of the Florida Constitution.

2. Defendants are within the jurisdiction of this Court and are in the business of lawn maintenance, landscape design and installation, irrigation design, installation, and maintenance, hardscape design and installation and related services as described in the attached **Exhibit C**.

1

Defendants are a State Certified Pest Control Operator, FNGLA Certified Landscape Contractor, and County Certified Irrigation Contractor and offer services in that regard.

3. Plaintiff was a laborer and hourly employee for Defendants in Alachua County, Florida. His primary duties included work related to lawn maintenance and services supplied by Defendants as described in the attached **Exhibit C** – including but not limited to driving Defendants' vehicle(s) in the course of his duties.

4. Defendant Michael Troiano is the President of Lawn Enforcement Agency, Inc. He is an "employer" because he either: (i) exercise managerial control over a business or run the day-to-day operations of a covered enterprise; and/or (ii) directly participate in hiring, firing, employee compensation decisions, or other work issues.

5. This action is brought under the FLSA, the Florida Minimum Wage. Fla. Stat. § 448.110 and Article X, Section 24, of the Florida Constitution to recover from Defendants minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory

relief under the FLSA pursuant to 28 U.S.C. § 2201et seq.  Plaintiff also requests that this Court take supplemental jurisdiction over his state law claims for minimum wage given the overlapping and similar issues involved.

7. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act. Specifically, as evidenced per its own brochure attached as **Exhibit C**[1]:

- Pest control poison
- Concrete pavers, flagstone and other natural stone
- A variety of light fixtures
- Irrigation supplies
- Vehicles believed to be made outside the State of Florida with a significant, and not incidental, connection with Defendant's landscaping business (two of which are identified in the attached **Exhibits C** and **E**[2]).

Moreover, as per the attached **Exhibit D**[3], Defendants accepts and/or

---

[1] Available on Defendants' website at:  www.lawnenforcement.com/docs/brochure-1.pdf
[2] Publically available on Defendants' Facebook page: https://www.facebook.com/LawnEnforcementAgencyInc/photos/pcb.975612075823404/975601859157759/?type=3&theater
[3] Available on Defendants' website at:  www.lawnenforcement.com/docs/ACHInfo.pdf

initiates payment via debt entries with various financial institutions.

8. Defendants obtain, exchange, and sends/receives funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

9. Defendants' annual gross revenues are believed to be in excess of $500,000.00 during the time Plaintiff worked for them.

10. The period of time involving this complaint is Plaintiff's pay period of December 28, 2016 through January 3, 2017. *See* Attached **Exhibit B**, Plaintiff's Pay Stub.

11. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, the Florida Minimum Wage. Fla. Stat. § 448.110 and Article X, Section 24, of the Florida Constitution because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those minimum wage hours worked.

## COUNT I - RECOVERY OF FEDERAL MINIMUM WAGE

12. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13. Plaintiff was entitled to be paid a Federal Minimum wage for all hours worked ($7.25 per hour).

14. During the pay period from December 28, 2016 to January 3, 2017, Plaintiff worked 24.25 hours as reflected in the attached **Exhibit B**. However, he was only paid $83.74 for that pay period (instead of at least $175.81, which is 24.25 x $7.25). Subsequent to the payment of $83.74 on or about January 19th, Defendants claim they paid Plaintiff only $100 of the $162.60 Defendants previously deducted for Plaintiff's uniforms.[4]

15. As indicated on the Department of Labor's website, deductions for uniforms cannot reduce an employee's hour rate below minimum wage:

> If the employer requires the employee to bear the cost, it may not reduce the employee's wage below the minimum wage of $7.25 per hour effective July 24, 2009. Nor may that cost cut into overtime compensation required by the Act. **The employer may prorate deductions for the cost of the uniform over a period of paydays provided the prorated deductions do not reduce the employee's wages below the required minimum wage or overtime compensation in any workweek.**

---

[4] Although discovery may be necessary on this issue, this $100 appears to have been paid on or about January 19th, 2017.

This information is readily available online.[5]

16. By deducting the entire $162.60 from Plaintiff's paycheck attached as **Exhibit B**, instead of prorating the deduction to not reduce the Plaintiff's wages below the required minimum wage for that workweek, Defendants violated the FLSA even assuming a belated payment of $100 ($175.81 due in federal minimum wages - $83.74 timely paid leaves $92.07; liquidated that equals $184.14). Moreover, this uniform deduction is improper either as not authorized in writing, an overcharge for the actual uniforms Plaintiff had, and/or otherwise agreed to by Plaintiff.

17. Although there are no preconditions to bringing this lawsuit per the FLSA, prior to bringing this lawsuit Plaintiff via the undersigned contacted Defendants on November 15, 2017 via the letter attached as **Exhibit A**.

18. On November 27, 2017, Defendant Michael Troiano responded to the letter attached as **Exhibit A** asking more details about Plaintiff's claim. As such, on that same day, the undersigned provided Defendants

---

[5] *See* https://www.dol.gov/whd/regs/compliance/whdfs16.pdf, e.s.

Toriano with the following email:

> Thanks for your message. If you look at his last paycheck there's a uniform charge for $162 approximately. That's what violates the FLSA. Please look into that if possible and reimbursing him for that. That's what I recall being the issue without the benefit of the whole file in front of me, so there might be something else but I think that's the problem. If you decide to do that just contact him directly and I won't take a fee or anything from it or from this case....you can just pay it directly to him. Tell him to contact me if you do so I know about it please.

After a few more email exchanges about the claim, Defendant Toriano on November 27th indicated Defendants had paid an extra $100 after the fact and after the pay period in question and that they would research the matter.[6]

19. Despite Defendants' promises to research the matter, after being specifically warned about the violation, Defendants still have responded since November 27th. Defendants still have failed to pay liquidated damages due under the FLSA, even assuming their delayed payment claim of $100 is accurate.[7]

---

[6] For example, another email from the undersigned to Defendants also sent on November 27th states: "I don't think it matters if the deduction reduces the wages below minimum wage."

[7] "The FLSA requires—and the Supreme Court has recognized approvingly—that an employee receive on time payment for work performed. The court understands such timeliness to mean that an employer pays an employee on the regularly scheduled

20.  Defendants have failed to pay Plaintiff all sums due under the FLSA for the aforementioned violation, which would include liquidated damages even assuming the belated payment of $100.

21.  As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff Federal minimum wages in one or more work weeks and/or liquidated damages for delayed payment, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs. Also, as a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all minimum wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

---

paydays." *Martin v. U.S.,* No. 13-834C (United States Court of Federal Claims, July 31, 2014).  *See, also Moreno v. United States*, 82 Fed. Cl. 387, 404 n.37 (2008) ("[A] cause of action to recover those wages plus liquidated damages under the FLSA was available to plaintiffs immediately following those pay periods, when it was clear that their paychecks included neither overtime pay nor liquidated damages."); *Corrigan v. United States*, 68 Fed. Cl. 589, 592–93 (2005), aff'd, 223 F. App'x 968 (Fed. Cir. 2007).

## COUNT II - RECOVERY OF STATE MINIMUM WAGE

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11, 14-19 above.

23. This is a claim for unpaid Florida Minimum Wages per Fla. Stat. 448.110 and Article X, Section 24, of the Florida Constitution.

24. Pursuant to F.S. 448.110(6), on November 27, 2017 and prior thereto via correspondence attached as **Exhibit A** Plaintiff put Defendants on notice of the violation regarding the uniform deduction of $162.[8]

25. During the pay period from December 28, 2016 to January 3, 2017, Plaintiff worked 24.25 hours as reflected in the attached **Exhibit B**. However, he was only paid $83.74 for that pay period (instead of at least $195.21, which is 24.25 x $8.05). Even assuming a $100 belated payment to Plaintiff on or about January 19th, 2017, Defendants still have not payed either the Florida Minimum Wage for all hours owed or liquidated damages for the delayed payment (i.e. $83.74 + $100 < $195.21).

26. Defendants failed to pay him the Florida Minimum Wages for

---

[8] Plaintiff is not waiving his right under *Throw v. Republic Enterprise Systems, Inc.*, No. 8:06-cv-724T-30TBM, 2006 WL (M.D. Fla. Jun. 30, 2006) to argue that there is no such statutory prerequisite due to the Florida Constitution.

that pay period. Thus, Defendants violated Fla. Stat. 448.110 and Article X, Section 24, of the Florida Constitution.

27. The provisions of ss. 213 and 214 of the Federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated into F.S. 448.110.

28. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff Florida minimum wages in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs and is due those per F.S. 448.110.

29. As a result of Defendants' willful violation of Fla. Stat. 448.110 and Article X, Section 24, of the Florida Constitution, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all minimum wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

January 29, 2018

By /s/ Michael Massey
   Michael Massey
   Massey & Duffy, PLLC
   massey@352law.com
   855 E. Univ. Avenue
   Gainesville, Florida 32601
   FBN 153680

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered to counsel for Defendants electronically by filing the same with the Court's electronic filing system on this January 29, 2018.

By /s/ Michael Massey
Michael Massey