UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO. 1:17-cv-305-MW-GRJ

AUSTIN BROWN,

    Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

The Defendants, LAWN ENFORCEMENT AGENCY INC. ("LEA") and MICHAEL TROIANO, ("Mr. Troiano"), by and through the undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof state the following:

1. Defendants admit that this action is brought pursuant to the Fair Labor Standards Act ("herein after referred to as "FLSA") and the Florida Minimum Wage Statute Section 448.110 and Article X, Section 24, of the Florida Constitution and that Plaintiff was an employee of LEA. All remaining allegations of Paragraph 1 are denied.

2. Defendants admit that this Court has jurisdiction over claims brought pursuant to the FLSA, however, all remaining allegations of Paragraphs 2 are denied.

3. Defendants admit that they maintain business operations in Alachua County. All other allegations of Paragraph 3 are denied.

1

4. Defendants admit that Mr. Troiano is the President of LEA. However, all remaining allegations of Paragraphs 4 are denied.

5. Defendants admit that this action is brought pursuant to the Fair Labor Standards Act ("herein after referred to as "FLSA") and the Florida Minimum Wage Statute Section 448.110 and Article X, Section 24, of the Florida Constitution. All remaining allegations of Paragraph 5 are denied. Defendants are without knowledge as to the remaining allegations in Paragraph 5 and therefore deny the same.

6. Defendants admit that this Court has jurisdiction over claims brought pursuant to the FLSA, however, all remaining allegations of Paragraphs 6 are denied.

7. Defendants deny all allegations in paragraph 7.

8. Defendants deny all allegations in paragraph 8.

9. Defendants deny all allegations in paragraph 9.

10. Defendants are without knowledge as to the allegations in Paragraph 10 and therefore deny the same.

11. Defendants deny all allegations in paragraph 11.

## COUNT I
## RECOVERY OF FEDERAL MINIMUM WAGE

12. Defendants incorporate by reference their answers to Paragraphs 1-11 in response to Paragraph 12, which realleges and reavers Paragraphs 1-11 of the Amended Complaint.

13. Defendants deny Paragraphs 13-21, including the "WHEREFORE" clause.

## COUNT II
## RECOVERY OF STATE MINIMUM WAGE

14. Defendants incorporate by reference their answers to Paragraphs 1-11, 14-19 in response to Paragraph 22, which realleges and reavers Paragraphs 1-11, 14-19 of the Amended Complaint.

15. Defendants admit that this action is brought pursuant to the Florida Minimum Wage Statute Section 448.110 and Article X, Section 24, of the Florida Constitution. All remaining allegations of Paragraph 23 are denied

16. Defendants deny Paragraphs 24 through 29, including, the "WHEREFORE" clause.

## GENERAL DENIAL

Defendant denies each and every allegation, not expressly admitted herein.

## AFFRIMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. At all relevant times LEA was not an enterprise engaged in business as defined by 29 U.S.C. 203(s)(1)(A) and, therefore, the FLSA's pay requirements did not apply to LEA or its employees or Mr. Troiano.

3. At all relevant times, Plaintiff was not individually engaged in interstate commerce as defined in 29 U.S.C. 207 (a)(1) and, therefore, the FLSA's pay requirements did not apply to Plaintiff, individually.

4. Any claim for minimum wage liability and liquidated damages is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their acts or

omissions were not violations of the FLSA. Defendants rely on their reasonable interpretations of the applicability of the FLSA, and the time reported by Plaintiff, in paying his compensation and accordingly paid Plaintiff his proper wages.

5. Plaintiff acted in bad faith and has unclean hands. Plaintiff's claims are barred to the extent that he worked any unreported hours and/or worked in violation of the Defendant's policy and/or concealed facts from Defendant.

7. Plaintiff's claims are barred by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis non curet lex.

9. At all times material hereto, and without admitting any wrongdoing, Defendants acted in good faith and without improper motive, purpose, malice, or intent to injure. At all times material hereto, Defendants also acted in conformity and reliance on the administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division of the United States Department of Labor or any administrative practice or enforcement policy of the United States Department of Labor. As such, the Plaintiff is barred from maintaining this action.

10. Plaintiff has been properly compensated under the FLSA for all hours of work relative to his employment with Defendants.

11. Defendants seek an award of reasonable attorney's fees against the Plaintiff pursuant to 29 U.S.C. § 216(b) and § 448.08, Fla. Stat. (2017).

4

12. Plaintiff has failed to allege facts sufficient to state a claim for liquidated or punitive damages.

13. Defendants attempted to pay the amount Plaintiff alleged was owed to him on several occasions, and the Plaintiff counsel refused such payment.

14. Plaintiff has failed to allege facts sufficient to state a claim that Mr. Troiano is a joint employer under the Fair Labor Standards Act of 1938, § 3(d), 29, U.S.C.A. § 203(d) or any other section.

15. Mr. Troiano was never the Plaintiff's employer as defined under the Fair Labor Standards Act and Plaintiff has failed to plead such.

16. Plaintiff failed to take advantage of LEA's internal policies and procedures, including, but not limited to complaint procedures.

17. Defendants have paid Plaintiff all wages owed to him under the law.

18. Plaintiff failed to provide to Defendants the notice required by § 448.110(6)(a), Fla. Stat. (2016), which must state: the wage to which the Plaintiff claims entitlement, the work dates and hours for which payment is sought and the total amount of alleged unpaid wages through the date of the notice.

19. Plaintiff has failed to plead all necessary elements of an unpaid wages claim.

20. Defendants intend to rely on such other defenses that may become available or apparent during the course of discovery in this case. Defendants expressly reserves the right to amend their answer to assert any and all such defenses.

**WHEREFORE,** having answered the amended complaint and asserted their defenses, Defendants respectfully request that this Court dismiss the complaint in its entirety, with prejudice, enter judgment in favor of Defendants, and award Defendants their costs, attorneys' fees, and any other relief this Court deems is just, proper and appropriate.

### JURY TRIAL DEMANDED

Defendants respectfully request a jury trial as to all triable issues.

Dated this 6th day of February, 2018.

*/s/ Juliette Koves*
JULIETTE KOVES, ESQ.
Florida Bar Number 963453

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic delivery or U.S. Mail Delivery to (and all others receiving electronic service) Michael Massey, Massey & Duffy, PPL, 855 East University Ave., Gainesville, FL 32601, on February 6, 2018.

*/s/ Juliette Koves*
JULIETTE KOVES, ESQ.
Florida Bar Number 963453
jkoves@dsklawgroup.com
Rubern Laboy, Jr.
Florida Bar Number 850381
RLaboy@dsklawgroup.com
de Beaubien, Simmons, Knight
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Defendants