UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.  1:17-cv-305-MW-GRJ
AUSTIN BROWN,

      Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

      Defendants.
_____/

## DEFENDANTS' BRIEF ON ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

Defendants, LAWN ENFORCEMENT AGENCY, INC. ("LEA") AND MICHAEL TROIANO ("Mr. Troiano") file this Brief on Entitlement to Attorney's Fees and Costs, pursuant to the Court's Order at Doc. 39, and state as follows:

## I - INTRODUCTION

LEA and Mr. Troiano will first address why they are entitled to attorney's fees for several reasons including bad faith on the part of Plaintiff and his counsel, Florida Statute Section 448.08, a Rule 11 finding by the Court and Offers of Judgment made by LEA and Mr. Troiano.  LEA and Mr. Troiano will then address why Plaintiff is not entitled to attorney's fees for several reasons including not being the prevailing party, bad faith on the part of Plaintiff and his counsel, equitable estoppel and

mootness and the result of the case being essentially a tie. Also, if the Court decides that Plaintiff is entitled to attorney's fees, LEA and Mr. Troiano will address why the amount should be very limited.

## II - WHY LEA AND MR. TROIANO ARE ENTITLED TO ATTORNEY'S FEES AND COSTS

### A.  Bad Faith by Plaintiff and Plaintiff's Counsel

Courts have found that bad faith on the part of attorneys or litigants can be the basis for an award of attorney's fees and costs against a losing party. Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541 (11th Cir. 1985) and Murray v. Playmaker Servs., LLC, 548 F. Supp. 2d (S.D. Fla. 2008). Bad faith includes actions preceding and during litigation, Kreager, 775 F. 2d at 1543. Frivolous claims can also be the basis for an award of attorney's fees and costs. Id. The Court basically found that in its Order on Cross-Motions for Summary Judgment, Doc. 35, that Count II of Plaintiff's Complaint, the Florida law claims were frivolous and never should have been brought. Also, it is quite clear there was bad faith on the part of Plaintiff and his counsel. This case did not involve a failure to pay wages, it involved a slightly late payment of wages, and it involved a very, very small amount of potential damages for Plaintiff. All of these facts were known to the Plaintiff and Mr. Massey when the demand letter was sent several months after the alleged minimum wage

violations, and even more so when the lawsuit was filed.  This case was not about damages, it was all about attorney's fees, especially once LEA and Mr. Troiano hired counsel as LEA is required to do.

The instant case began when Plaintiff's counsel sent LEA the demand letter dated November 15, 2017, that is attached to the Complaint.  That letter says there was a breach of both FLSA and the Florida Minimum Wage Act but does not ask for any specific amount of money. However, it is pretty clear to the reader that the most owed to the Plaintiff would be about $162.60 for the amount taken from the Plaintiff's paycheck for the failure to return uniforms.  $162.60 is obviously a very small amount of money to sue for in any court. The demand letter suggests pre-suit mediation at the cost of LEA and Mr. Troiano, but that cost would be more than the alleged amount owed.  The letter also suggests contacting Plaintiff's attorney's office, which Mr. Troiano did when he e-mailed Mr. Massey on November 27, 2017. Please see the attached e-mail exchange between Mr. Troiano and Mr. Massey where Mr. Troiano discusses the $100 payment that was made to Plaintiff after his final check and that LEA would like to make the situation right if more money is owed. (Exhibit A).

The final paycheck was the pay period on January 19, 2017, right after the one where the deduction for the uniforms was made.  Mr. Masseys' response is, "I don't

3

think it matters if the deduction reduces the wages below minimum wage." However, as the Court indicated in its Order on Cross-Motions for Summary Judgment, Doc. 35, the $100 payment was clearly made long before any notice was given to LEA and Mr. Troiano about any possible law violation, and the Florida Minimum Wage was satisfied on January 19, 2017, so there was clearly no violation of the Florida Minimum Wage Act or the Florida Constitution when Plaintiff both gave the alleged notice in November 2017 and then sued in December 2017.

Also, in one of the November 27, 2017 e-mails, Mr. Massey indicated that Mr. Troiano could contact Plaintiff directly to resolve the matter. Per a December 27, 2017 and December 28, 2017, e-mail to Mr. Massey from Mr. Troiano after the lawsuit was filed and served on LEA, Mr. Troiano indicted that he tried to contact the Plaintiff to resolve the situation three times with no answer and no voice mail set up. It is clear that Mr. Troiano tried to resolve the matter directly with the Plaintiff before the lawsuit was filed, but the Plaintiff would not answer or respond. Mr. Massey asks that Mr. Troiano pay in the range of $4000 to resolve the case. Mr. Massey knows that LEA will have to hire counsel to defend the case, and later, on the telephone Mr. Massey tells Mr. Troiano he will settle for $2500. At this point, Mr. Troiano was in the process of hiring our firm to represent LEA and himself, and Mr. Troiano told the undersigned counsel about the offer when he hired us. I then

contacted Mr. Massey by e-mail and made a counter offer of $1500. Despite several requests over several weeks, we did not receive a response to the counteroffer and were forced to defend the case.

Despite being told by Mr. Troiano about the $100 payment in January 2017, Mr. Massey ignored the payment in his damages calculation in the Complaint and Amended Complaint, and in both Complaints states, "even assuming a belated payment of $100" which means he never confirmed with Plaintiff that the payment was made before making the allegations, and Mr. Massey never gave proper credit for the payment in his damages calculations. Also, on February 28, 2108, after the Amended Complaint was filed, the undersigned counsel brought to Mr. Massey's attention his failure to consider the required payment of taxes in his calculations of the amount for minimum wages under FLSA and The Florida Act. Mr. Massey said he would look at it, but he never considered this in any of his later arguments made to the Court. In addition, LEA and Mr. Troiano offered to pay the full amount of damages stated in Count II of the Amended Complaint, $195.21, and, in fact, made such a payment on or about March 1, 2018, and the payment was sent back. Finally, mediation was a waste of time.

It is quite clear from the above that Mr. Troiano and LEA tried early on to resolve the matter and that the Plaintiff did not answer his telephone or have voice

mail set up, so Plaintiff was not very interested in receiving any money that he may have been owed before the lawsuit was filed. It is also quite clear from the above additional information that will be provided later in the Brief that once the lawsuit was filed and LEA and Mr. Troiano had counsel, Mr. Massey's intention was to generate attorney's fees, and Plaintiff was never in any hurry to receive any money.

Furthermore, it is apparent that the Plaintiff was paid his full wages after the $100 payment was made ten days after his normal pay date in January 2017, and that Plaintiff was not missing any money owed to him when the demand letter was sent and when the lawsuit was filed. The only reason Plaintiff is owed money, $84.14, is because the $100 payment which brought him to minimum wage under both Florida and Federal law was made a few days outside his normal pay period which the Court found to violate FLSA. In other words, this case did not involve a failure to pay wages, it involved a slightly late payment of wages, and it involved a very, very small amount of potential damages for Plaintiff. All of these facts were known to the Plaintiff and Mr. Massey when the demand letter was sent, and even more so when the lawsuit was filed. Again, this case was not about damages, it was all about attorney's fees, especially once LEA and Mr. Troiano hired counsel as LEA is required to do.

As a result of the above, the Court should find that Count II of the Complaint was frivolous and that Plaintiff and Mr. Massey acted in bad faith before and during the litigation and award attorney's fees and costs to LEA and Mr. Troiano.

### B.   Florida Statute Section 448.08 Provides for Attorney's Fees and Costs to the Prevailing Party in a Wage Claims

§ 448.08, Fla. Stat. (2017), authorizes the award of attorney's fees and costs to the party that prevails in any claim based upon wages.  Minimum wages are wages under all definitions of wages in Florida.  In Florida Statute Chapter 443 which addresses reemployment assistance, wages are defined as, "all remuneration for employment, including commissions, bonuses, back pay awards, and the cash value of all remuneration paid in any medium other than cash."  § 443.1217(1), Fla. Stat. (2017). § 443.036(45), Fla. Stat. (2017), Definitions, refers to 443.1217(1), Fla. Stat. (2017).  Also, the Florida Supreme Court defines wages under the statute of limitations regarding wages as manual labor vs. office workers and professionals, and it usually refers to short intervals for payment of the wages.  Broward Builders Exch., Inc. v. Goehring, 231 So. 2d 513, 514 (Fla. 1970).  Again, minimum wages are wages.

§ 448.110, Fla. Stat. (2017), says that the aggrieved person who prevails shall be awarded attorney's fees.  This has been interpreted to mean that only plaintiffs

who win a case based upon failure to pay the State's minimum shall be awarded attorney's fees and costs under that statute and employers who win are not entitled to them. We disagree that employers can never be awarded attorney's fees when the Plaintiff loses a minimum wage claim. § 448.110, Fla. Stat. (2017) appears to be a mandatory win of attorney's fees and costs for Plaintiffs since they would otherwise likely never be able to find counsel to sue on their behalf for a failure to pay them minimum wages. However, § 448.08, Fla. Stat. (2017), covers all actions for unpaid wages, and it says that the Court may award attorney's fees and costs to the prevailing party. This is a permissive award rather than a mandatory award which can be given to a plaintiff or a defendant, and employers have been awarded attorney's fees and costs when prevailing in wage claims. Why would the State legislature intend that employers who prevail in a minimum wage case, which is a wage case under any definition in Florida, never be allowed an award of attorney's fees and costs when they prevail? The legislature would not, and did not intend such an interpretation of § 448.08, Fla. Stat. (2017).

The possible award of attorney's fees and costs against an employee when they bring a wage claim is somewhat of a check on the filing of frivolous wage claims by plaintiffs and their attorneys. It makes no sense that employers would have the protection of a possible award of attorney's fees and costs against a plaintiff

for the filing of only frivolous wage cases that do not involve minimum wages.  It seems that employers would need more protection for claims of a failure to pay the State's minimum wage, not less, since payment of the minimum wage is something that is easy to calculate in most cases.  Again, in general, it does not make sense that employers can be awarded attorney's fees and cost in any wage case except a minimum wage case under § 448.08, Fla. Stat. (2017) just because § 448.110, Fla. Stat. (2017) provides for a mandatory award to prevailing plaintiffs. Instead, the attorney's fees and costs language in § 448.110, Fla. Stat. (2017) was put there simply so that the plaintiff in a minimum wage claim knows they will get attorney's fees and costs if they win instead of it being only a possibility under § 448.08, Fla. Stat. (2017) if they win.

The attorney's fees language in § 448.110, Fla. Stat. (2017) was not meant to exclude an award of attorney's fees to employers who prevail in minimum wage cases.    That interpretation defies common sense and encourages bad faith and frivolous lawsuits since plaintiffs then have nothing to lose when the file such a claim.

Not only did LEA and Mr. Troiano prevail in their Motion for Summary Judgment as to the Florida minimum wage claim made, the Court indicated in its Order on Cross-Motions for Summary Judgment, Doc. 35 that that claim should

never have been brought because a $100 payment made to Plaintiff in January 2017, which satisfied plaintiff's minimum wage, was clearly made long before any notice was given to LEA and Mr. Troiano about any possible minimum wage law violation. As a result, LEA and Mr. Troiano request that the Court award them attorney's fees and costs under § 448.08, Fla. Stat. (2017). Also, there is one case in Florida that essentially allowed an award of attorney's fees and costs to a prevailing employer in a minimum wage case. Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco, 41 So. 3d 335 (4th DCA 2010). The first complaint that was filed by the employee, plaintiff, was for failure to pay minimum wages under § 448.110, Fla. Stat. (2017). At a hearing on the plaintiff's motion to amend her complaint, the plaintiff admitted that the minimum wage claims were barred by the statute of limitations, and she substituted four claims under § 448.08, Fla. Stat. (2017). Id at 337. All counts were again dismissed based upon the statute of limitations after the employer filed a summary judgment motion. Id. The Court discussed that they can award an employer attorney's fees and costs under § 448.08, Fla. Stat. (2017), when the employer prevails on a statute of limitations defense, and the Court remanded the case for a possible award of the attorney's fees and costs to the employer. Id. at 337-338.

Both the original complaint in the <u>Ultimate Makeover Salon & Spa</u> case filed under § 448.110, Fla. Stat. (2017), and the amended four count wages complaint were barred by the statute of limitations, so it makes sense that the Court could have remanded the case for a possible award of attorney's fees and cost under § 448.08, Fla. Stat. (2017) to the employer even if the employer had only prevailed on the first complaint and no amended complaint was pursued.  There is at least one Eleventh Circuit Court of Appeal case and at least three Florida State cases that found employers are entitled to an award of attorney's fees and costs as the prevailing party in wage cases under § 448.08, Fla. Stat. (2017) or upheld such an award. <u>Murray v. Playmaker Servs., LLC</u>, 325 Fed. Appx. 873 (11 Cir. 2009); <u>Laremont v. Absolute Health Care for Women of All Ages, P.A</u>. 988 So. 2d 735 (4th DCA 2008); <u>Sentinel Enterprises Inc. v. Stankiewicz</u>, 545 So. 2d 288 (3d DCA 1989); and <u>Carpenter v. Metropolitan Dade County</u>, 472 So. 2d 795 3d DCA 1985).  Based upon § 448.08, Fla. Stat. (2017), the above stated case law and the fact that plaintiff's Florida claim was frivolous as previously stated, LEA and Mr. Troiano request that the Court award them attorney's fees and costs as the prevailing party.

### C.   <u>Award of Attorney's Fees and Costs to LEA and Mr. Troiano under the Court's Federal Rule of Civil Procedure Rule 11 Power</u>

<u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F. 2d 1541 (11th Cir. 1985), which is cited above in regard to bad faith actions, also discusses an award of attorney's

fees and cost under the Court's Federal Rule of Civil Procedure Rule 11 power. The bad faith actions of both Plaintiff and Plaintiff's counsel, Mr. Massey, are laid out above. LEA and Mr. Troiano request that the Court award them attorney's fees and costs on the Court's initiative for Plaintiff's filing of a completely frivolous Florida State law claim, for filing a claim for wages that were actually already paid, for filing a claim for a very small amount of potential damages of which they are entitled to less than half of for the FLSA claim and for clearly pursuing the case for attorney's fees, especially once LEA and Mr. Troiano retained counsel.

### D.      Offers of Judgment Made by LEA and Mr. Troiano

Both LEA and Mr. Troiano made Offers of Judgment to the Plaintiff on May 30, 2018, per Federal Rule of Civil Procedure Rule 68 and § 768.79, Fla Stat. (2017). Please see attached Exhibit B. Neither Offer was accepted by the Plaintiff, and the Plaintiff will not obtain a judgment more favorable than the unaccepted offers of $2400 and $100 since the damages are likely only $84.14. As a result, the Plaintiff must pay the costs incurred by LEA and Mr. Troiano after the offers were made. In addition, LEA is entitled to attorney's fees for Plaintiff's failure to accept its Offer since the judgment obtained by the plaintiff will be at least 25 percent less than the amount of the offer.

E.   **Florida Statute § 57.041 Taxes Costs Against the Losing Party**

Plaintiff lost his claim for wages brought based upon § 448.110, Fla. Stat. (2017) and the Florida Constitution, so the Court should order Plaintiff, at a minimum, to pay for LEA and Mr. Troiano's litigation costs.

## III - WHY PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS

### A.   **Plaintiff is Not a Prevailing Party**

In <u>Ruffa v. Saftpay, Inc.</u>, 163 So. 3d 711, 715 (Fla. 3d 2015), the Court found that the litigation essentially ended in a tie when the when each party won in part and lost in part.  The plaintiff sued for two separate breach of contract claims for alleged unpaid bonuses and each party prevailed fully on one claim.  <u>Id</u>.  In the instant case, LEA and Mr. Troiano prevailed completely on Count II which was based upon both § 448.110, Fla. Stat. (2017) and the Florida Constitution, so it was basically two claims in one, and the damages requested in Count II were more than those requested in the FLSA claim.  Also, unlike the Plaintiff in <u>Ruffa</u>, Plaintiff only partially won his claim for wages under FLSA because his damages claim was for $184.14, and his damages will likely be, at the most, $84.14.  As a result, Plaintiff lost two of three claims, lost the larger damages claim and did not fully win the third claim, so the Court could view this as a tie or even as a loss for Plaintiff.  Therefore,

Plaintiff is not the prevailing party in the case and is not entitled to attorney's fees or costs.

**B.**     **Bad Faith by Plaintiff and Plaintiff's Counsel**

Please see above stated arguments on pages two (2) through five (5) and nine (9).

**C.**     **Plaintiff and Counsel are Estopped Due to Bad Faith and Frivolous Claims**

Equitable estoppel includes circumstances where a court will not grant a judgment or other legal relief to a party who has not acted fairly. The purpose of estoppel is to hopefully prevent the wasting of court resources by stopping people from abusing the legal system by filing frivolous lawsuits. As previously stated on pages two (2) through five (5) and nine (9), the Plaintiff and his counsel acted in bad faith before and during the litigation and filed a frivolous case. Therefore, the Court can find they are not entitled to any attorney's fees and costs based upon equitable estoppel.

**D.**      <u>Any Award of Attorney's Fees Should be Significantly Reduced</u>

If the Court decides to award attorney's fees to Plaintiff, LEA and Mr. Troiano ask that the Court base the amount on the very limited success that the Plaintiff actually attained. The Court can look at the overall results of the case and determine that the lodestar amount should be reduced if the amount is excessive in relation to the plaintiff's actual success. <u>Popham v. City of Kennesaw</u>, 820 F.2d 1570, 1578-1579 (11th Cir. 1987). In the instant case, the two Counts were based upon a common core of facts, and the Plaintiff had very limited success because he lost the claim for higher damages, which never should have been filed, and he will very likely be awarded less than half of the damages requested in the Count I. An award of $84.14 in damages is very small, is about forty-six percent (46%) of the $184.14 requested as damages in Count I and is about forty-three percent (43%) of the $195.21 requested as damages in Count II. As a result, if the Court awards attorney's fees to Plaintiff, the Court can reduce the amount by more than half at the very least.

In addition, as stated above, the Plaintiff and his counsel knew before the demand letter was sent and certainly before the litigation was filed that this case did not involve a failure to pay wages, it involved a slightly late payment of wages, and it involved a very, very small amount of potential damages for Plaintiff. This case was not about damages, it was all about attorney's fees, especially once LEA and

Mr. Troiano hired counsel as LEA is required to do. LEA and Mr. Troiano ask that the Court not reward Plaintiff or his attorney for filing a case that could never have ended with excellent results for the Plaintiff and that never should have been filed in the first place.

Finally, the issue of damages was rendered moot on or about March 1, 2018, when a check for the full amount of damages requested was dropped off at Mr. Massey's office. Therefore, attorney's fees that were incurred by Plaintiff after that date should be removed from any award of attorney's fees the Court may award to Plaintiff.

## IV - CONCLUSION

LEA and Mr. Troiano are entitled to attorney's fees for several reasons including bad faith on the part of Plaintiff and his counsel, Florida Statute Section 448.08, a Rule 11 finding by the Court and Offers of Judgment made by LEA and Mr. Troiano. Plaintiff is not entitled to attorney's fees for several reasons including Plaintiff not being the prevailing party, bad faith on the part of Plaintiff and his counsel and equitable estoppel. Also, if the Court decides that Plaintiff is entitled to attorney's fees, LEA and Mr. Troiano believe the amount should be very limited due

to Plaintiff's very limited success in the case and the payment of damages to Plaintiff's counsel made on or about March 1, 2018.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic delivery or U.S. Mail Delivery to (and all others receiving electronic service) Michael Massey, Massey & Duffy, PPL, 855 East University Ave., Gainesville, FL 32601, on August 20, 2018.

JULIETTE KOVES, ESQ.
Florida Bar Number 963453
jkoves@dsklawgroup.com
Rubern Laboy, Jr.
Florida Bar Number 850381
RLaboy@dsklawgroup.com
de Beaubien, Simmons, Knight
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Defendants

**From:** Mike Troiano [mailto:mike@lawnenforcement.com]
**Sent:** Thursday, December 28, 2017 9:59 AM
**To:** 'Michael Massey' <massey@352law.com>
**Subject:** RE: Lawn Enforcement Agency

Michael

I tried to call him 3 times with no answer. I didn't know I was supposed to call you back. I hope you would be fair with me and help settle this. We have a specific letter in our policy that states the uniforms can be deducted from the final check but I didn't know that law doesn't recognize this. It's not fair for us to legitimately lose money when an employee doesn't hold up his obligation. I know that doesn't matters in the courts eyes. I have never had anything like this in 25 years if business and it really upsets me to have to pay for something when I'm already losing from lost uniform fees. I understand your job and appreciated what you do but is there anyway you can help me and lets agrees to the minimal I have to pay. Please can you be fair and help me with this. Do you need any services that we offer? Please have the Christmas spirt.  Thanks

Michael Troiano
President
Lawn Enforcement Agency
4802 SW 85th Ave
Gainesville, Fl 32608
352-538-4075  cell
352-372-3175  office  ext 14
352-336-7877  fax
mike@lawnenforcement.com

**From:** Michael Massey [mailto:massey@352law.com]
**Sent:** Wednesday, December 27, 2017 5:02 PM
**To:** mike <mike@lawnenforcement.com>
**Subject:** Re: Lawn Enforcement Agency

The filing fee alone is $400.

Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict



DEFENDANT'S EXHIBIT
A

## Mike Troiano

| | |
|---|---|
| **From:** | Michael Massey <massey@352law.com> |
| **Sent:** | Wednesday, December 27, 2017 5:02 PM |
| **To:** | mike |
| **Subject:** | Re: Lawn Enforcement Agency |

The filing fee alone is $400.

Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict

On Dec 27, 2017, at 4:30 PM, mike <mike@lawnenforcement.com> wrote:

> 400.00?
>
>
>
> Mike Troiano
> Lawn Enforcement Agency, Inc
> 352-372-3275 office
> 352-538-4075 cell
> mike@lawnenforcement.com
>
> -------- Original message --------
> From: Michael Massey <massey@352law.com>
> Date: 12/27/17 2:24 PM (GMT-05:00)
> To: mike <mike@lawnenforcement.com>
> Subject: Re: Lawn Enforcement Agency
>
> We'd want full payment of the fees, costs and clients claim to date - which would roughly be 4,000 total
> without doing the exact math. If that range is acceptable let me know and I'll put together the specifics.
>
> Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn
> about our $3.5 Million verdict
>
> On Dec 27, 2017, at 1:40 PM, mike <mike@lawnenforcement.com> wrote:
>
>> I'm willing to settle this please let me know what it will take to settle please
>>
>>
>>
>> Mike Troiano
>> Lawn Enforcement Agency, Inc
>> 352-372-3275 office
>> 352-538-4075 cell
>> mike@lawnenforcement.com
>>
>> -------- Original message --------
>> From: Michael Massey <massey@352law.com>

1

**Mike Troiano**

| | |
|---|---|
| **From:** | Michael Massey <massey@352law.com> |
| **Sent:** | Wednesday, December 27, 2017 2:25 PM |
| **To:** | mike |
| **Subject:** | Re: Lawn Enforcement Agency |

We'd want full payment of the fees, costs and clients claim to date - which would roughly be 4,000 total without doing the exact math. If that range is acceptable let me know and I'll put together the specifics.

Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict

On Dec 27, 2017, at 1:40 PM, mike <mike@lawnenforcement.com> wrote:

> I'm willing to settle this please let me know what it will take to settle please
>
>
>
> Mike Troiano
> Lawn Enforcement Agency, Inc
> 352-372-3275 office
> 352-538-4075 cell
> mike@lawnenforcement.com
>
> -------- Original message --------
> From: Michael Massey <massey@352law.com>
> Date: 12/27/17 11:16 AM (GMT-05:00)
> To: Mike Troiano <mike@lawnenforcement.com>
> Subject: Re: Lawn Enforcement Agency
>
> Hello, any prior offers we have to settle are withdrawn. Please direct all future communication regarding this case to myself instead of my client.
>
> Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict
>
> On Dec 27, 2017, at 7:36 AM, Mike Troiano <mike@lawnenforcement.com> wrote:
>
>> Michael
>>
>> I received your lawsuit on behalf of Austin Brown. I have tried to contact him but his phone has no voicemail and he hasn't called me back. I am happy to pay the balance but how can I without the ability to contact him. Please let me know what I need to do to close this action out.
>>
>> Mike Troiano
>>
>> **From:** Mike Troiano [mailto:mike@lawnenforcement.com]
>> **Sent:** Monday, November 27, 2017 8:06 PM

1

To: 'Michael Massey' <massey@352law.com>
Subject: RE: Lawn Enforcement Agency

Thanks. I will research and email you back with how we are proceeding. Thanks again for you time.

Mike

From: Michael Massey [mailto:massey@352law.com]
Sent: Monday, November 27, 2017 8:04 PM
To: Mike Troiano <mike@lawnenforcement.com>
Subject: Re: Lawn Enforcement Agency

I don't think it matters if the deduction reduces the wages below minimum wage.

Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict

On Nov 27, 2017, at 7:48 PM, Mike Troiano <mike@lawnenforcement.com> wrote:

> Thanks Michael
>
> We only charge employees if they don't return there uniforms or other items that are issued to the employee that are spelled out in our company policy book that they sign. I also have documentation that we applied a 100.00 payment on his paycard after his final check. He must not have returned something that belongs to us and that's why we only paid him the 100 and not 162   I guess he didn't tell you that? I would be interested in your opinion on this issue. Thanks and sorry to waste your time on this but it might be helpful.
>
> Mike
>
>
> From: Michael Massey [mailto:massey@352law.com]
> Sent: Monday, November 27, 2017 7:37 PM
> To: Mike Troiano <mike@lawnenforcement.com>
> Subject: Re: Lawn Enforcement Agency
>
> Thanks for your message. If you look at his last paycheck there's a uniform charge for $162 approximately. That's what violates the FLSA. Please look into that if possible and reimbursing him for that. That's what I recall being the issue without the benefit of the whole file in front of me, so there might be something else but I think that's the problem. If you decide to do that just contact him directly and I won't take a fee or anything from it or from this case....you can just pay it directly to him. Tell him to contact me if you do so I know about it please.
>
> Sent from **Michael Massey's** iPad | Massey & Duffy PLLC | 352-505-8900 | www.352law.com | Learn about our $3.5 Million verdict

On Nov 27, 2017, at 7:29 PM, Mike Troiano
<mike@lawnenforcement.com> wrote:

> Michael
>
> I received your letter regarding Austin L Brown and
> would like a call or reply regarding this it. I do not know
> why you are requesting or writing me this letter as we
> have 100% paid Mr. Brown full wages and don't
> understand what he is stating. Please advise on your
> clients position so we can close out this.
>
> You can call me anytime.
>
> Michael Troiano
> President
> Lawn Enforcement Agency
> 4802 SW 85th Ave
> Gainesville, Fl 32608
> 352-538-4075  cell
> 352-372-3175  office  ext 14
> 352-336-7877  fax
> mike@lawnenforcement.com
>
> <image001.jpg>
>
> PLEASE VISIT OUR NEW WEB SITE @
> www.lawnenforcement.com
>
>
> Lawn Enforcement Agency, Inc. has been serving central
> North Florida since 1991. We offer a wide range of
> services, from routine lawn maintenance to pest control
> programs, landscape, hardscape, irrigation, seasonal
> color, and more. We employ only the most professional,
> highly skilled personnel in each of our departments. We
> are dedicated to providing the highest quality products,
> best valued products, and services available today.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.  1:17-cv-305-MW-GRJ

AUSTIN BROWN,

      Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

      Defendants.

_____/

### DEFENDANT, LAWN ENFORCEMENT AGENCY, INC.'S, PROPOSAL FOR SETTLEMENT (A/K/A OFFER OF JUDGMENT)

Defendant, LAWN ENFORCEMENT AGENCY INC. ("LEA"), by and through the undersigned counsel and pursuant to Rule 68, *Federal Rules of Civil Procedure,* § 768.79, *Florida Statutes,* and the Local Rules, hereby serves this Proposal for Settlement (a/k/a Offer of Judgment) on Plaintiff, AUSTIN BROWN, the terms and conditions of which are as follows:

1.    LEA shall pay Plaintiff a total sum of TWO THOUSAND FOUR HUNDRED U.S. Dollars ($2,400.00) as a full and final settlement and satisfaction of all of the claims and causes of action Plaintiff has filed in this lawsuit.

2.    The monies that LEA offers to pay to Plaintiff set forth in paragraph one (1) are inclusive of all Plaintiff's damages, liquidated damages, interest, costs and attorneys' fees claimed in this lawsuit. Attorneys' fees are part of Plaintiff's legal claims against LEA in this lawsuit.

3.    No portion of the monies that LEA offer to pay Plaintiff set forth in paragraph one (1) is offered to settle a claim for punitive damages. At this point, no claim for punitive damages has been made.



DEFENDANT'S EXHIBIT B

4.     Following receipt and clearance of the settlement funds, Plaintiff shall file a Notice of Voluntary Dismissal with Prejudice regarding LEA in this lawsuit.

5.     Pursuant to the *Federal Rules of Civil Procedure* and § 768.79, *Florida Statutes*, this Proposal for Settlement is not being filed with the Court.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic delivery, e-mail or U.S. Mail Delivery to (and all others receiving electronic service) Michael Massey, Massey & Duffy, PPL, 855 East University Ave., Gainesville, FL 32601, on May 30, 2018.

JULIETTE KOVES, ESQ.
Florida Bar Number 963453
jkoves@dsklawgroup.com
Rubern Laboy, Jr.
Florida Bar Number 850381
RLaboy@dsklawgroup.com
de Beaubien, Simmons, Knight
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.  1:17-cv-305-MW-GRJ

AUSTIN BROWN,

      Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

      Defendants.

_____/

## DEFENDANT, MICHAEL TROIANO'S, PROPOSAL FOR SETTLEMENT (A/K/A OFFER OF JUDGMENT)

Defendant, MICHAEL TROIANO ("Mr. Troiano"), by and through the undersigned counsel and pursuant to Rule 68, *Federal Rules of Civil Procedure*, § 768.79, *Florida Statutes*, and the Local Rules, hereby serves this Proposal for Settlement (a/k/a Offer of Judgment) on Plaintiff, AUSTIN BROWN, the terms and conditions of which are as follows:

1.     Mr. Troiano shall pay Plaintiff a total sum of ONE HUNDRED U.S. Dollars ($100.00) as a full and final settlement and satisfaction of all of the claims and causes of action Plaintiff has filed in this lawsuit.

2.     The monies that Mr. Troiano offers to pay to Plaintiff set forth in paragraph one (1) are inclusive of all Plaintiff's damages, liquidated damages, interest, costs and attorneys' fees claimed in this lawsuit. Attorneys' fees are part of Plaintiff's legal claims against Mr. Troiano in this lawsuit.

3.     No portion of the monies that Mr. Troiano offer to pay Plaintiff set forth in paragraph one (1) is offered to settle a claim for punitive damages. At this point, no claim for punitive damages has been made.

1

4.      Following receipt and clearance of the settlement funds, Plaintiff shall file a Notice of Voluntary Dismissal with Prejudice regarding Mr. Troiano in this lawsuit.

5.      Pursuant to the *Federal Rules of Civil Procedure* and § 768.79, *Florida Statutes*, this Proposal for Settlement is not being filed with the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic delivery, e-mail or U.S. Mail Delivery to (and all others receiving electronic service) Michael Massey, Massey & Duffy, PPL, 855 East University Ave., Gainesville, FL 32601, on May 30, 2018.

JULIETTE KOVES, ESQ.
Florida Bar Number 963453
jkoves@dsklawgroup.com
Rubern Laboy, Jr.
Florida Bar Number 850381
RLaboy@dsklawgroup.com
de Beaubien, Simmons, Knight
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Post Office Box 87
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
Attorneys for Defendants

2