**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

AUSTIN BROWN,                     CASE NO.:  1:17-cv-305-MW-GRJ
    Plaintiff,

v.

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,
    Defendants.
_____ /

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' BRIEF ON ENTITLEMENT TO FEES/COSTS (DOC. 41)**

Plaintiff, Austin Brown, files this this Reply to [Doc. 41] and states:

**A.**     **Defendants Did Not Attempt to Settle in Good Faith**

Defendants acknowledge on page 3 of their Response that Plaintiff's counsel sent a letter dated November 15, 2017 discussing the potential claim, suggesting mediation and inviting discussion about it. *See* Doc. 25-1. What is omitted, however, is that Defendant Troiano emailed the undersigned in response to that letter. *See attached* **Exhibit A**. The undersigned then informed Mr. Troiano via email of the approximate value of the claim, what the matter was about, and that he can just make payment directly to Plaintiff <u>without the undersigned receiving any fees or costs</u>. *Id*. Although promising to "research and email back", Defendants did nothing. *See Id*. They never paid anything, got back with any research, contact Plaintiff, or take any apparent action until this lawsuit was filed and served.

1

Shortly after this lawsuit was served (and before he retained counsel), Mr. Troiano again contacted the undersigned's office on about December 27th to discuss settlement. In fact, <u>a settlement of approximately $2,000 - $2,500 was nearly agreed to</u> when Mr. Troiano offered $2,000 to settle on January 9, 2017 (again, prior to him hiring counsel). After offering that amount and the Plaintiff countering at $2,500, Mr. Troiano seemed agreeable, said he had to "make a call" about final settlement, and then never contacted the undersigned again.

The next day, January 10th, Ms. Koves entered a Notice of Appearance (Doc. 3) and revoked the $2,000 already offered to settle this case; instead, inexplicably, offering only $1,500 total (an amount clearly insufficient to cover attorneys' fees and costs at that time because of the time spent investigating the claim, preparing a detailed complaint, researching the issues at hand, FLSA coverage of the Defendants, and paying $440 in filing and service costs), *See* attached **Exhibit B**. To evaluate that offer, the undersigned sought documents Defendants would have readily available, such as the handbook; however, although a page of the handbook would be used by Defendants to support their summary judgment motion, they refused to share it saying it was "irrelevant". *See* **Exhibit C** and Doc. 26, page 21.[1]

Ms. Koves eventually supplied some documents (sans handbook) to the

---

[1] Defendants never produced that page of the handbook until they attached it as part of their summary judgment motion relating to good faith. Plaintiff pointed this out in his response at Doc. 28, page 16.

undersigned on <u>February 19, 2018 at 4:46 p.m</u>. *See* **Exhibit D**. The next day, <u>February 20th at 9:51am</u> Ms. Koves requested the undersigned review the documents she produced the day prior so the undersigned could form a response to her $1,500 offer.  *See* **Exhibit E**.  At <u>10:09am on the same day, February 20th (i.e. less than 20 minutes later), Ms. Koves revoked the $1,500 offer, demanded dismissal of the case, and demanded dates for Plaintiff's deposition</u>.  *See* **Exhibit F**.[2]  On February 26th Plaintiff filed his amended initial disclosures listing the exact amount of damages expected due under the FLSA:  $84.14.  *See* Doc. 15.

By revoking all settlement offers almost immediately after their limited document production and, at the same time, demanding both dismissal of the entire action along with dates for Plaintiff's deposition, Defendants acted in bad faith regarding settlement of this matter. Instead of settling for the amount disclosed in the initial disclosures (or for between $2,000 and $2,500, as what was about to happen), Defendants decided to try to get a judgment based on overturned caselaw – disputing enterprise coverage for a business operating nearly 100 vehicles. *See* Doc. 7. While Defendants have every right to defend a small claim and spend significant attorneys' fees in that effort, Plaintiff has a due process right to combat that effort and if he prevails must be awarded his fees/costs so he and plaintiffs like

---

[2] Ms. Koves made another request for deposition dates of Plaintiff on February 22nd and the undersigned responded via email by offering the week of April 23rd. Despite such demands, <u>Defendants never actually set his deposition</u>.

him can secure equal representation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (FLSA's primary remedial purpose is "remedy the disparate bargaining power between employers and employees.").

Moreover, Ms. Koves never requested the amount of Plaintiff's fees and costs at any point (as authorized by local rule 54.1(D)), never requested early mediation or FLSA settlement conference (as invited per the Court's Scheduling and Mediation Order (Doc. 20)), never made an offer to settle this case based on a reasonable amount of attorneys' fees and costs to date, and never chose to pay the $84.14 disclosed in initial disclosures and leave the fee issue up to the Court.

B. **Defendants' "Attempt" to Pay Without Fees and Costs was *Dionne* Ploy**

Defendants' claim that they paid Plaintiff the amounts he was due is misleading because that was an attempt to avoid paying any attorneys' fees. *See Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109 (11th Cir. 2011) (*Dionne I*), *vacated and superseded*, *Dionne II*, 667 F.3d 1199. The defendants in *Dionne* tendered full payment for an FLSA claim and moved to dismiss the case on mootness grounds. *Dionne I*, 647 F.3d at 1111. The plaintiff conceded that the defendants' full tender mooted his claims, but he requested that the court retain jurisdiction to determine attorney's fees and costs. *Id*. The district court granted the defendant's motion to dismiss, and the 11th Circuit held that the plaintiff was not a "prevailing party" entitled to fees under 29 U.S.C. § 216(b) because the court did

4

not award a judgment in the plaintiff's favor. *Id*. at 1115.

The cover letter accompanying Defendants' payment, dated March 1st, 2018 (attached as **Exhibit G**), states that Defendants were objecting to Federal Court jurisdiction and Ms. Koves "believe[s] [her] client is open to negotiating some amount of attorney's fees solely to bring this matter to a conclusion." *Id.* By objecting to this Court's jurisdiction and declining to guarantee any payment of attorneys' fees, Defendants were trying to moot Plaintiff's claim for fees and costs per *Dionne* by eventually moving to dismiss the case as moot. In such circumstances, as explained in *Zelaya v. Cargo Logistics Grp. USA LLC*, Case No. 16-cv-23669-GAYLES, at *5 (S.D. Fla. Jan. 23, 2017), Plaintiff could not accept the amounts due and the proper result (as ordered in *Zelaya*) is to return the tender. The undersigned made perfectly clear to Defendants' counsel he was aware of *Dionne* and even emailed Ms. Koves the *Zelaya* case and explain to her twice that she needed to make a proper Rule 68 offer that included attorneys' fees so the case could properly resolve. *See attached* **Exhibit H** (composed of 2 emails, February 26th and March 1st).

    C.    **Defendants Incorrectly State the Result in *Ultimate Makeover Salon & Spa, Inc. v. DiFrancesco***

*Ultimate Makeover* plainly states that the Section 448.110 counts at issue therein were dropped early in the case. The court stated that " At the hearing on plaintiffs motion to amend her complaint, plaintiff conceded that the two original

counts under section 448.110 were time-barred and agreed to drop them." *Ultimate Makeover Salon v. Difrancesco*, 41 So. 3d 335, 337 (Fla. 4th DCA 2010).  After those counts were dropped, the plaintiff amended her complaint to add four additional counts for "wages." *Id.*  The defendant answered that amended complaint. *Id.* Thereafter, the court granted summary judgment on the amended complaint and the then existing 4 claims of unpaid wages stating:  "While each of the claims sounds in contract — express or implied — the claims relate to the payment of wages." *Id.*  Thus, no decision was made by the *Ultimate Makeover* court on the 448.110 claims because they were dropped; the only remaining counts were akin to contract actions (which is not at all a minimum wage case because the minimum wages are guaranteed by law, unlike an implied/express contract between an employer and employee of an hourly wage or salary). *See also Kubiak v. S.W. Cowboy, Inc.,* 3:12-cv-1306-J-34-JRK (M.D. Fla. March 22, 2017).

    **D.**    **Defendants Moved for Sanctions under Rule 11 Without Prior Service of a Rule 11 Motion**

Rule 11 requires a 21-day safe harbor notice; correspondence does not suffice. *See In re Kirk-Murphy Holding, Inc.*, 313 B.R. 918 (Bankr. N.D. Fla. 2004) (interpreting bankruptcy rule 9011, identical in nature to Rule 11, stating "An overwhelming majority of courts have uniformly concluded that a warning letter, such as in the case before me is not the functional equivalent of serving a motion for sanctions and does not constitute compliance with the safe harbor

provisions.")  Moreover, when the simple safe harbor provisions are not met, sanctions against the moving party are appropriate. *See id.* ("Since the alleged debtor blatantly disregarded the clear and simple procedural guidelines set forth in Rule 9011(c), I award Taco Bell, as the prevailing party and pursuant to Rule 9011, reasonable attorney fees. . . ."). Similarly, Defendants never even attempted to comply with the safe harbor provisions of Rule 11 – even by letter citing Rule 11.

Regarding the merits of the FMWA claim, Defendants ignore that numerous courts agreed with Plaintiff's position that the 15-day notice placed by the legislature in 448.110 is unconstitutional because the practical affect is to deny employees the timely payment of guaranted minimum wages otherwise guaranteed by the Florida Constitution. *See e.g. Throw v. Republic Enterprise Systems, Inc.*, No. 8:06-cv-724T-30TBM, 2006 WL (M.D. Fla. Jun. 30, 2006). Applying those cases, Plaintiff's FMWA damages also would have been liquidated and Defendants' counter-arguments would have been to no avail (just like with the FLSA count).[3] Some courts find the issue so divided they decline supplemental jurisdiction over the matter – including one very recently. *See Espinoza v. Galardi S. Enters., Inc.*, Case No. 14-21244-CIV-Goodman (S.D. Fla. Apr. 10, 2018).

---

[3] Defendants' claims of frivolity are ironic given that it was Defendants whom moved for summary judgment based on bad law (Doc. 7) and continued to claim a lack of enterprise coverage in their amended summary judgment motion (Doc. 26) despite the holding in *Polycarpe v. E & S Landscaping Serv., Inc.*, 821 F.Supp.2d 1302 (S.D. Fla. 2011).

### E.   Defendants Proposal for Settlement Offer was Not in Good Faith

A proposal for settlement under Fla. Stat. Sec. 768.79 must "bear a reasonable relationship to damages and be founded on a realistic assessment of the potential liability"; otherwise it is invalid as not made in good faith; that includes a reasonable amount of attorneys' fees to date.  *See James v. Wash Depot Holdings, Inc.,* Case No. 05-60822-CIV-Dimitrouleas, 6-7 (S.D. Fla. 2007) ("Because in this case, the Plaintiff and his attorney had already expended numerous hours litigating this case and had a reasonable likelihood of success on the FLSA claims, the Court finds that the Defendants' offer of a mere $10,000 in both damages and fees, where their potential liability at that point including attorney's fees was well into the hundreds of thousands, was unreasonable and not in good faith.")

Defendants' proposals were emailed on May 30, 2018. Prior to that time, Defendants pled 20 affirmative defenses and demanded a jury trial (Doc. 11), Defendants moved for Summary Judgment on January 29, 2018 (Doc. 7) discovery had occurred (*See e.g.* Doc. 22), Plaintiff filed his Summary Judgment Motion on April 10, 2018 (Doc. 25), and Defendants filed an Amended Summary Judgment motion on April 23rd (Doc. 26).  *See* time records attached as **Exhibit B.**  Despite all that work – much of which was necessitated by Defendants' own filings - Defendant LEA's offer was for a total of $2,400 (including fees and costs on all pled claims, including the FLSA claim) and Defendant Troiano's offer was for

$100 total. Because counsel had already spent numerous hours litigating, the offers were not in good faith. An "offer of judgment or offer of settlement or the same thing by another name ought to be more than a carefully crafted, cleverly calculated, and disingenuous attempt to shift the economic burden of litigation." *Stouffer Hotel v. Teachers Ins.*, 944 F. Supp. 874, 875 (M.D. Fla. 1995).

### F. **Defendants' Offer was Not for 125% More Than the Judgment Expected**

Defendants' proposals, by their own terms, included attorney's fees and costs and applied to all claims pled – including the FLSA. As indicated in the time records attached as **Exhibit B**, the amount of fees and costs expended by Plaintiff as of May 30, 2018 were about 90 hours and final judgment is expected to reflect much more - nowhere near the approximate $2,000 offered for fees (because the offers included costs, $440 for the filing fee and the service fee would also be deducted). Thus, should Plaintiff receive a judgement for $84.14, his expected judgment (including attorneys' fees and costs) will not be less than $2,000 and the proposal has no effect under F.S. 768.79(6)(a) (requiring judgment by the plaintiff of at least 25% less than the amount of the offer).

### G. **The Proposals Did Not Offer Judgement**

The proposals, which were solely made pursuant to F.S. 768.79 and not Rule 68, required dismissal of the entire action instead of a judgment. Parties generally cannot enter into private settlements of FLSA claims without either the approval of

9

the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lynn's Food Stores, Inc. v. U.S., Etc*, 679 F.2d 1350, 1355 (11th Cir. 1982). Thus, the condition of dismissal of the action along with compromise of the fees/costs incurred during the case violates *Lynn's Food Stores* and thus makes the offer invalid (it also conflicts with the supremacy of federal law). *See Ward v. Parks Electric Co., Inc.*, Case No. 6:08-cv-1111-Orl-19KRS. (M.D. Fla. Jun. 15, 2009) (rejecting settlement under *Lynn's Food* over the issue of attorney's fees); *See also, Thompson v. Hodson,* 825 So. 2d 941, 953 (Fla. 1st DCA 2002) (noting the "highly technical nature" of 768.79).

H.     **The Proposals Were Not Properly Served**

The proposals were only emailed, not mailed; thus, they were not properly served and invalid. *See* attached **Exhibit I**. F.S. 768.79(3) states that "The offer shall be served upon the party to whom it is made…." (e.s.). "This language must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees." *Willis Shaw Express v. Hilyer Sod*, 849 So. 2d 276, 278 (Fla. 2003). Federal Rule 5(a)(1)(E) mandates that each of the following must be served: "a written notice, appearance, demand, or offer of judgment, or any similar paper." (e.s.). Rule 5(b)(E) only permits service by email in if there is prior consent in writing; here there was not.

Dated: August 24, 2018                                      By /s/ Michael Massey
                                                                               FBN 153680

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered to counsel for Defendants electronically by filing the same with the Court's electronic filing system on this August 24, 2018.


By /s/ Michael Massey
Michael Massey
Massey & Duffy
855 E. Univ. Ave.
Gainesville, FL 32601
352-505-8900
Massey@352law.com