UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AUSTIN BROWN,

    *Plaintiff*,

v.                      Case No. 1:17cv305-MW/GRJ

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

    *Defendants.*

_____/

## ORDER ON DAMAGES, FEES, AND COSTS

This Court held on summary judgment that Plaintiff was entitled to damages for his Fair Labor Standards Act claim. ECF No. 35. This Court asked the parties to brief the issue of damages and later asked the parties to brief the issue of attorney's fees. *Id.* at 22; ECF No. 39.

As for damages, the parties both agree that Plaintiff is entitled to $84.14 pursuant to 29 U.S.C. 216(b). ECF No. 37; ECF No. 38. This Court has not independently calculated damages but simply accepts the parties' stipulation.

As for attorney's fees, this Court concludes Plaintiff is entitled to such fees pursuant to 29 U.S.C. 216(b). The Eleventh

1

Circuit has explained that "Section 216(b) . . . makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). This Court finds that Plaintiff is a prevailing party because he will receive a judgment on the merits. *Cf., e.g.*, *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (unpublished) (noting that a plaintiff is a prevailing party in a FLSA case when they obtain a judgment on the merits). Moreover, contrary to Defendants' arguments, *see* ECF No. 41, this Court finds that Plaintiff and his counsel did not engage in bad faith.

This Court also concludes that Defendants are *not entitled* to attorney's fees. Defendants' reliance on section 448.08, Florida Statutes, is misplaced, as that statute is inapplicable in this case. *Cf.*, *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-cv-1306-J-34JRK, 2017 WL 1080000, at *7–9 (M.D. Fla. Mar. 22, 2017). Defendants' settlement offers do not entitle them to fees either because those offers did not satisfy the statutory requirements. *See* ECF No. 44, at 8–10.

Finally, this Court concludes that, as the prevailing party, Plaintiff is also entitled to costs. *See* 29 U.S.C. 216(b) ("The court in such action shall, in addition to any judgment awarded to the

2

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Fed. R. Civ. P. 56(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.").

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion for damages, ECF No. 37, is **GRANTED**.

2. Plaintiff's motion for attorney's fees and costs, ECF No. 40, is **GRANTED**.

3. This Court does not direct partial entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).

4. No later than March 12, 2019, Plaintiff shall file a brief (along with appropriate documentation) outlining the amount of attorney's fees and costs he believes he should receive. Defendants shall respond to Plaintiff's brief no later than March 26, 2019.

**SO ORDERED on February 26, 2019.**

s/Mark E. Walker<br>
**Chief United States District Judge**