# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

AUSTIN BROWN,

    *Plaintiff*,

v.                                             Case No. 1:17cv305-MW/GRJ

LAWN ENFORCEMENT AGENCY,
INC. and MICHAEL TROIANO,

    *Defendants.*

_____/

## **FINAL ORDER ON FEES AND COSTS**

This Court held that Plaintiff is *entitled* to attorney's fees and costs. ECF No. 47. This Court then ordered the parties to brief the issue of the *amount* of fees and costs that should be awarded. *Id.* The parties have since filed their briefs. ECF No. 48; ECF No. 51. Accordingly, this Court now determines how much fees and costs to award Plaintiff.

### **I. Attorney's Fees**

"The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley*

1

*v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Id.*

### A. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303). "In determining what is a 'reasonable' hourly rate . . ., the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins*, 548 F.3d at 1350. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

2

> and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2.

Here, Plaintiff claims that a reasonable hourly rate is $425 per hour. ECF No. 48, at 10–12. Defendants claim that a reasonable hourly rate is $250 per hour. ECF No. 51, at 8. Based on its own experience as an attorney and a judge (state and federal), as well as a consideration of the *Johnson* factors,[1] this Court concludes that a reasonable hourly rate for Plaintiff's counsel in this case is **$375 per hour**.[2]

---

[1] (1) This case was not particularly time-consuming or laborious. (2) The questions were not particularly novel or difficult. (3) This case did not require exceptional skill. (4) Plaintiff's counsel was understandably precluded from other employment, but his timesheet reflects that he had plenty of time to work on other matters, *see* ECF No. 48-1; (5) the customary fee is within the range of $375 per hour; (6) the fee was contingent; (7) there were no extenuating time limitations; (8) the amount involved and the results obtained were relatively low; (9) Plaintiff's counsel has been a member of the Florida Bar since late 1998; (10) this case was relatively undesirable; (11) Plaintiff's counsel has failed to adduce facts as to the nature and length of his professional relationship with Plaintiff; and (12) awards in similar cases have been within the range of $375 per hour.

[2] In reaching that conclusion, this Court also gives credence to the findings of Gary D. Wilson, who—without compensation—prepared a declaration on behalf of Defendants. *See* ECF No. 51-1. Given his rate of "$375 with nearly 29 years' experience," Mr. Wilson concluded "that a rate of $350 to $375 would be an appropriate maximum for this type of matter." *Id.* at 8. Although this Court disagrees that $375 would be a "maximum" (this Court finds it is closer to the midrange given the circumstances), $375 is still within the range offered by Defendant's expert.

3

B. *Reasonable Number of Hours*

Plaintiff claims a total of 180.4 hours. ECF No. 48, at 5. "'[E]xcessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).

First, Defendants request a reduction of 40.6 hours for time Plaintiff's counsel "spent doing basic FLSA research, some of which is also redundant." ECF No. 51, at 9. After reviewing the timesheet, this Court disagrees that this time should be reduced.

Second, Defendants request a reduction of 2.5 hours for time Plaintiff's counsel "spent correcting his own mistakes." ECF No. 51, at 10. Specifically, Defendants claim that Plaintiff's counsel should not be permitted to bill for the time he spent preparing an amended complaint and amended initial disclosures after his initial filings contained incorrect damage conclusions. *See id.* This Court agrees. Accordingly, this Court finds that a reduction of 2.5 hours for unnecessary correction work is appropriate. *Cf., e.g.*, *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]ime devoted to correcting one's own errors should not be reimbursable.").

Third, Defendants request a reduction of 1.2 hours for time Plaintiff's counsel spend doing "clerical work." ECF No. 51, at 10. Specifically, they argue that Plaintiff's counsel should not recover for time spent preparing a summons, preparing a civil cover sheet, calendaring dates, and exchanging emails with defense counsel's assistant. *Id.* This Court agrees. Those hours were unnecessarily billed as attorney's fees and could have been completed by a non-attorney. Accordingly, this Court finds that a reduction of 1.2 hours for unnecessary clerical work is appropriate. *Mobley*, 104 F. Supp. 2d at 1360 ("[T]asks of a clerical nature are not compensable as attorney's fees.").

Finally, Defendants argue that "[t]he hours [Plaintiff's counsel] is claiming after the Court found entitlement to fees is not time he can be compensated for." *Id.* Defendants are wrong.[3] "Like other courts, [the Eleventh Circuit] [has] allowed parties to recover the cost of establishing their right to, *and the amount of* attorney's

---

[3] Perhaps Defendants are relying on Florida law. *See, e.g., State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993) (holding that for purposes of section 627.428, Florida Statutes, "statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees"). That law is inapplicable here. *See, e.g., Shaw v. Citimortgage. Inc.*, No. 3:13-cv-0445-LRH-VPC, 2016 WL 6562035, at *1 (D. Nev. Nov. 3, 2016) (noting that federal law applies to a request for attorney's fees relating to and arising from a federal claim).

5

fees—the right to fees-on-fees." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) (emphasis added).

In sum, this Court finds it appropriate to reduce the claimed 180.4 hours by 2.5 and 1.2 hours. Thus, the reasonable number of hours expended is **176.7 hours**.

## C. *Reduction of the Lodestar*

The lodestar in this case is 176.7 hours x $375 per hour. In other words, the lodestar is **$66,262.50**.

"[I]f the plaintiff obtained only 'partial or limited success,' the court may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief." *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578–79 (11th Cir. 1987). "[A] court can reduce attorney's fees from the lodestar amount even though the unsuccessful and the successful claims are related if the plaintiff obtained only limited success." *Id.* at 1579–80. "That decision rests in the discretion of the district court." *Id.* at 1579.

Plaintiff's initial complaint raised three claims: (1) a FLSA claim for $184.14, (2) a FMWA claim for $195.21, and (3) a claim under the Florida Constitution for $195.21. *See* ECF No. 1. On summary judgment, this Court held that Plaintiff failed to state a claim under the FMWA and Florida Constitution. ECF No. 35, at

6

14–21. Moreover, although this Court granted judgment in Plaintiff's favor on the FLSA claim, Plaintiff did not end up recovering as much as he originally asked for. Indeed, Plaintiff ultimately agreed that he was only entitled to $84.14 in damages. ECF No. 37, at 4.

Given Plaintiff's limited and partial success, this Court finds that a reduction of the lodestar is appropriate. In making that reduction, this Court is mindful of the comments made by one of its colleagues in a sister district:

> [I]n light of the gross disparity between what plaintiff claimed and what her attorneys now seek for obtaining the recovery, there is significant potential for the fee award to become a windfall for plaintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action.

*Wolff v. Royal Am. Mgmt., Inc.*, No. CV-11-351-N, 2012 WL 5303665, at *5 (S.D. Ala. Oct. 25, 2012), *aff'd*, 545 F. App'x 791 (11th Cir. 2013) (unpublished).

To be clear, this Court is not blinded by the fact that the amount at issue in this case was relatively small. This Court understands that "[w]hether the plaintiff's relief is significant

7

depends upon 'the scope of the litigation as a whole.'" *Popham*, 820 F.2d at 1581 (quoting *Hensley*, 461 U.S. at 440). Nevertheless, this Court also recognizes that "the relief a plaintiff requested is indeed relevant to determining the extent of that plaintiff's success." *Id.*; *see also id.* ("[I]n determining a plaintiff's degree of success, courts have compared the relief requested against the relief ultimately obtained.").

Having said that, this Court also finds it appropriate to consider how this case was litigated. A defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc). "Those who elect a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into account the time and effort they exact from their opponents." *Perkins v. New Orleans Athletic Club*, 429 F. Supp. 661, 667 (E.D. La. 1976). Although Defendants claim they presented several settlement opportunities, those opportunities failed to include reasonable amounts for attorney's fees. *See* ECF No. 44. Rather than offer a reasonable settlement and attempt to mitigate attorney's fees, Defendants opted to put forth a militant defense. *See id.*; *see also* ECF No. 48.

8

Defendants believe that "at least a seventy-five (75) percent reduction in the fees requested is appropriate." ECF No. 51, at 11. That request is severely undermined by the fact that Defendants' *own* expert proposes a 54% reduction. *See* ECF No. 51-1, at 8. Moreover, this Court finds that even the expert's proposal is too high because he failed to take into account the militant defense Defendants undertook. Considering all of the above, this Court finds that the lodestar amount should be reduced by 25%. Accordingly, Plaintiff is entitled to $66,262.50 – 25% = **$49,696.88 in fees**.

## II. Costs

Plaintiff requests a total of $815 in costs. ECF No. 48, at 18–19. Specifically, Plaintiff requests $400 for a filing fee, $40 for a service fee for serving the initial process, and $375 for a mediation fee. *Id.* at 19. Defendants do not object to these costs.[4] Although the filing and service fees are properly taxable, *see* 28 U.S.C. § 1920, the mediation fee is not, *see, e.g.*, *Hargo v. Waters*, No. 8:04-

---

[4] Defendants only "request that the Court find that the Plaintiff's expert fees are not recoverable." ECF No. 51, at 20. No such fees have been requested. *See* ECF No. 48, at 18–19; *see also* ECF No. 48-4.

9

cv-2256-T-26MSS, 2006 WL 5042033, at *3 (M.D. Fla. May 25, 2006). As such, Plaintiff is only entitled to **$440 in costs**.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion for fees and costs, ECF No. 48, is **GRANTED in part** and **DENIED in part**.

2. The Clerk is directed to enter judgment stating: "Plaintiff, Austin Brown, shall recover from Defendants, Lawn Enforcement Agency, Inc. and Michael Troiano, $84.14 in damages, $49,696.88 in attorney's fees, and $440 in costs, for a total judgment amount of **$50,221.02**, for which sum let execution issue."

3. The Clerk is directed to close this case.

**SO ORDERED on April 3, 2019.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**